IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON COUNTY, VIRGINIA, )<br>a political subdivision of the )<br>Commonwealth of Virginia, )<br>County Administration Building )<br>205 Academy Drive )<br>Abingdon, Virginia,  24210 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　v. )<br>　　　　　　　　　　　　　　　　　　)<br>MICHAEL B. MUKASEY )<br>Attorney General of the )<br>United States of America, )<br>GRACE CHUNG BECKER, )<br>Acting Assistant Attorney General, )<br>Civil Rights Division, )<br>United States Department of Justice, )<br>Washington, DC,  20530 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　Defendants. )<br>_____) | Civil Action No. |

COMPLAINT FOR DECLARATORY RELIEF UNDER THE VOTING RIGHTS ACT

Washington County, Virginia, alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973(b) (hereinafter "Section 4").  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 2201, and 42 U.S.C. § 1973(b).

2. Plaintiff Washington County ("the County") is a political subdivision of the Commonwealth of Virginia and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973(b)(a)(1). Washington County is located in southwest Virginia, approximately 132 miles

south of Roanoke, VA, 132 miles northeast of Knoxville, TN, and 150 miles northwest of Charlotte, NC. The City of Bristol, Virginia adjoining Washington County to the west is an independent city not part of the County. The County has a land area of approximately 566 square miles.

3. According to the 2000 census, Washington County, Virginia has a total population of 51,103. Of this number, 676 persons (or 1.3%) are African-American and 322 (or 0.6%) are Hispanic. The voting age population of the County (18 years of age or older) is 40,498 (79.2% of the total population). Of this number, 517 persons (or 1.3%) are African-American.

4. The Washington County Board of Supervisors is the governing body that formulates policies for the administration of government in Washington County. It is comprised of seven Supervisors elected from single-member districts to serve four-year terms. The chief administrative officer of the County government, the County Administrator, is appointed by and serves at the pleasure of the Washington County Board of Supervisors. The general day to day operations of Washington County are controlled by the Office of the County Administrator. The Washington County School Board is comprised of seven members and is elected from the same single-member districts as are members of the Board of Supervisors.

5. Located within Washington County are the Towns of Abingdon, Damascus, and Glade Spring. Census figures from 2000 indicate that: the Town of Abingdon has a total population of 7,780 and of this number, 265 (3.4%) are black; the Town of Damascus has a population of 981 and of this number, 16

(1.6%) are black; and the Town of Glade Spring has a population of 1,374 and of this number, 97 (7.1%) are black.

6. The Town of Saltville is partly within the County. The Town is regulated by a mayor and a Town Council consisting of six other members. According to the 2000 Census, the population of Saltville numbered 2,204 and the Saltville population is approximately 0.41% black and 0.45% Hispanic or Latino.

7. Residents of the Towns are eligible to participate in town elections and in County elections. The Towns are governed by their respective Town Councils. The Town of Abingdon has a five-member Town Council elected at-large. The Towns of Damascus and Glade Spring have seven-member Town Councils and each Town Council is elected at-large.

8. Washington County is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act. 42 U.S.C. § 1973(c). Under Section 5, the County is required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices and procedures since the Act's November 1, 1964 coverage date for Virginia.

9. Washington County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by Section 4(b) of the Act on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age then residing in the state voted in the 1964 presidential election. 42 U.S.C. § 1973(b). The

"test or device" triggering preclearance coverage under Section 5 was an article of the Virginia Constitution providing for a literacy test as a prerequisite for citizens to become electors. Va. Const. Art. II, Sec. 20 (1902). The literacy test was repealed by the Virginia Constitution of 1972.

10. Like other jurisdictions in the Commonwealth of Virginia, the County does not collect or maintain voter registration data by race. Current data show, however, that a significant proportion of the County's voting age population is registered to vote. As of February 2008, there were 33,412 registered voters in Washington County, approximately 82.5% of the voting age population.

11. There are presently a total of eighteen (18) polling locations in Washington County (in addition to the central absentee voting precinct and three town polling locations), located conveniently to voters across the County. All polling places in the County are accessible to voters with physical disabilities.

12. Since its inception in 1965, the Voting Rights Act has allowed States, which are subject to these special provisions of the Act, to exempt themselves from coverage under the Act's special remedial provisions, if they can satisfy standards established in the Voting Rights Act. This exemption process is known as "bailout."

13. In 1982, Congress made changes in the exemption standards of the Voting Rights Act. As amended in 1982, Section 4 of the Voting Rights Act provides that States, as well as political subdivisions within those States that are covered under the special provisions of the Act, are entitled to a declaratory

judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

> A) no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;
> B) no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;
> C) no Federal examiners have been assigned to the political subdivision;
> D) all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973(c); and
> E) the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

As amended in 1982, Section 4 of the Act also requires States and political subdivisions seeking an exemption from the Act's special provisions to show that, during the pendency of the declaratory judgment action seeking such exemption:

> A) Any voting procedure or method of election within the state or political subdivision exists which inhibits or dilutes equal access to the electoral process has been eliminated;
> B) Constructive efforts have been made by the political subdivision to eliminate any intimidation or harassment of persons exercising rights under the Voting Rights Act; and
> C) Expanded opportunities for convenient registration and voting exists within the State or political subdivision.

14. As described herein, Plaintiff Washington County has fully complied with the provisions of Section 4 of the Act.

15. As a political subdivision of the Commonwealth of Virginia, Plaintiff Washington County has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. § 1973(c). Under Section 5 of the Act, known as the "preclearance"

provisions, covered jurisdictions, including Washington County, are required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

16. Since 1997, Washington County has submitted twelve (12) voting changes to the United States Department of Justice seeking preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973(c). Not a single objection has been interposed by the Department of Justice to any of the changes submitted.

17. Within the ten years preceding the filing of this action, Washington County has not enforced any voting changes prior to Section 5 preclearance. Nor has the Attorney General interposed a Section 5 objection to any change affecting voting in Washington County within the past ten years. The County has not sought judicial preclearance of any voting changes in this Court.

18. Voter registration opportunities in the County are readily and equally available to all citizens. The voter registration office for the County is conveniently located for all County residents. The voter registration office is open 9:00 a.m. to 5:00 p.m. weekdays.

19. Voters in Washington County may also register by mail, and voter registration applications are available at locations convenient to voters throughout the County. In addition, voter registration is offered at the Washington County Department of Health, Department of Social Services, Department of Rehabilitative Services, Department of Mental Health, Mental Retardation and Substance Abuse Services, Department for the Blind and Vision Impaired, the

Virginia Office for Protection and Advocacy, Regional Offices of the Department of Game and Inland Fisheries, the Armed Forces Recruitment Offices, Department of Deaf and Hard of Hearing, and any other agencies whose primary function is to provide state-funded assistance to persons with disabilities.

20. The Washington County Voter Registrar works with numerous organizations that conduct voter registration drives, such as: the League of Women Voters; two local college campuses; Washington County School Board (registering high school students); community civic groups; the local Democratic and Republican Parties; and local candidates.

21. The opportunity to become a registered voter in Washington County is also available under the National Voter Registration Act (the "NVRA") at the Department of Motor Vehicle ("DMV") offices and at all public assistance agencies in Washington County. The opportunities for persons to register to vote in Washington County have been made more convenient and available as a result of implementation of the NVRA.

22. The number of registered voters in the County has steadily risen over the last ten years. In 1998, for example, there were 26,976 registered voters in the County. By 2003, the number of registered voters had grown to 30,905. The number of registered voters in the County has continued to grow. As of February 2008, there were 33,412 registered voters in the County. Thus, from 1998 to 2008, the total number of registered voters in the County has increased 24% (from 26,976 in 1998 to 33,412 in 2008).

23. Voter turnout in elections within Washington County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last two Presidential elections (2000 and 2004), for example, 69.6% and 70.1% of the County's registered voters turned out to vote, respectively. In the General Elections for state and county offices held in November 1999, 2001, 2003, 2005, and 2007, 44.7%, 49.6%, 31.9%, 48.2%, and 38.54% of the County's registered voters turned out to vote, respectively. Voter turnout was 53.9% for the November 2006 General Election.

24. Washington County has a three-member Electoral Board, appointed pursuant to Virginia state law. The Electoral Board has responsibility under Virginia law for overseeing the election process in the County, including the appointment of poll workers to conduct elections. VA. CODE ANN. § 24.2-115 (2007).

25. Over at least the last ten years, no person recommended to serve as a poll official has been rejected by the Electoral Board. Records from 2004 through 2007 show that the percentage of African-American poll workers (1.7%) employed by Washington County approximates the percentage of Washington County's African-American voting age population (1.3%).

26. No person in Washington County has been denied the right to vote on account of race, color, or membership in language group for at least the preceding ten years.

27. No "test or device" as defined in the Voting Rights Act (42 U.S.C. § 1973(b)(c)) has been used in Washington County as a prerequisite to either registering or voting for at least the preceding ten years.

28. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in Washington County, nor has the County entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds.  There are no pending actions against Washington County alleging such denials or abridgments of the right to vote.

29. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

30. Washington County has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the County.  Minority voters in Washington County are not being denied an equal opportunity to elect candidates of their choice to the County Board of Supervisors or to the Abingdon, Damascus, or Glade Spring Town Councils.

31. Federal examiners have never been appointed or assigned to Washington County under Section 3 of the Voting Rights Act, 42 U.S.C. § 1973(a).

32. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in Washington County

9

within the last ten years, neither the County nor any of its governmental units have had any occasion to take any action eliminating such activity.

33. Pursuant to 42 U.S.C. § 1973 (b), the County has "publicize[d] the intended commencement …of [this] action in the media serving [the County] and in the appropriate United States post offices." A Notice of Intent to Seek a Bailout was published by the County in the Bristol Herald Courier on April 14, 22, and 29, 2008, and in the Washington County News on April 15, 23, and 30, 2008. This Notice was also delivered with a request that it be posted at post offices throughout the County, and at various County offices, including the county social services office, the county courthouse, the voting registration office, and various libraries throughout the County. Washington County intends to publish a settlement of this action in the event that Defendants consent to bailout.

34. The allegations set forth in paragraphs 18 through 33, above, if established, entitle Plaintiff Washington County to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. § 1973(b), exempting the County and all governmental units within the County from the special remedial provisions of the Voting Rights Act.

WHEREFORE, Plaintiff Washington County respectfully prays that this Court:

A. Convene a three-judge court, pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1973(b), to hear the claims raised in Plaintiff's complaint;

B.  Enter a declaratory judgment that Plaintiff Washington County and all governmental units within the County are entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

**For the Plaintiff WASHINGTON COUNTY:**


/s/ J. Gerald Hebert
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, VA  22304
(703) 628-4673 (Office)
DC Bar No. 447676


LUCY E. PHILLIPS
Washington County Attorney
County Administration Building
205 Academy Drive
Abingdon, Virginia 24210
(276) 525-1370 (Office)
(276) 676-6201 (Facsimile)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Washington County, VA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Wash. Co., VA
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Michael Mukasey, Attorney General; Grace Chung Becker, Assistant Attorney General

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Gerald Hebert
J. Gerald Hebert, PC
5019 Waple Lane
Alexandria, VA  22304

Case: 1:08-cv-01112
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/27/2008
Description: Three-Judge Court

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ⊙ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☒ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 1973(b) (seeking an exemption from the special provisions of the Voting Rights Act, known as a bailout action)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  June 27 2008   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.