IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON COUNTY, VIRGINIA, )<br>a political subdivision of the )<br>Commonwealth of Virginia, )<br>County Administration Building )<br>205 Academy Drive )<br>Abingdon, Virginia, 24210 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MICHAEL B. MUKASEY )<br>Attorney General of the )<br>United States of America, )<br>GRACE CHUNG BECKER, )<br>Acting Assistant Attorney General, )<br>Civil Rights Division, )<br>United States Department of Justice, )<br>Washington, DC, 20530 )<br> )<br>Defendants. )<br>_____ ) | **FILED**<br>SEP 2 3 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civil Action No. 1:08-cv-01112<br>RMU-ESH-JRB<br>(three-judge court) |

## CONSENT JUDGMENT AND DECREE

This action was initiated by Washington County, Virginia, a political subdivision of the Commonwealth of Virginia (hereafter "the County"). The County is subject to the provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973(c). The County seeks a declaratory judgment under Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973(b). A three-judge court has been convened as provided in 42 U.S.C. § 1973(b)(a)(5) and 28 U.S.C. § 2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted from those provisions if it can demonstrate in an action for a declaratory judgment before the United States

District Court for the District of Columbia that for the ten-year period prior to filing the action and during its pendency, it has both 1) complied with the Voting Rights Act, and 2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence. In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the County must satisfy five conditions:

> 1) the County has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the County, and no consent decree, settlement or agreement may have been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the County pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action;
> 4) the County and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973(c), during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and
> 5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the County or any governmental unit within its territory during that ten-year period, nor may any Section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. § 1973(b)(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the County and all governmental units within its territory must have: 1) eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process, 42 U.S.C.

§ 1973(b)(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation or harassment of persons exercising voting rights, and to expand the opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process, 42 U.S.C. § 1973(b)(a)(1)(F)(ii-iii). The County is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. § 1973(b)(a)(2). In the ten years preceding bailout, the County must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. § 1973(b)(a)(3). Finally, the County must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. § 1973(b)(a)(4).

The Defendants Attorney General and Acting Assistant Attorney General, after investigation, have agreed that the Plaintiff has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a Joint Motion, accompanied by a Stipulation of Facts, in support of entry of this Consent Judgment and Decree.

## FINDINGS

Pursuant to the parties' Stipulation of Facts and Joint Motion, this Court finds as follows:

1. The County is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973(b)(a)(1).

2. The Washington County Board of Supervisors is the governing body that formulates policies for the administration of government in Washington County. It is comprised of seven Supervisors elected from single-member districts to serve four-year terms. The chief administrative officer of the County government, the County Administrator, is appointed by and serves at the pleasure of the Washington County Board of Supervisors. The general day to day operations of Washington County are controlled by the Office of the County Administrator. The Washington County School Board is comprised of seven members and is elected from the same single-member districts as are members of the Board of Supervisors.

3. In addition to the County itself, located within Washington County are the Towns of Abingdon, Damascus, and Glade Spring. Residents of the Towns are eligible to participate in town elections and in County elections. The Towns are governed by their respective Town Councils. The Town of Abingdon has a five-member Town Council elected at-large. The Towns of Damascus and Glade Spring have seven-member Town Councils and each Town Council is elected at-large.

4. The County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by

section 4(b) of the Act, 42 U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. No discriminatory test or device has been used by the County during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. There is no evidence that any person in the County has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in Washington County, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds during that time. No such claims presently are pending or were pending at the time this action was filed.

8. No Federal Examiners or Observers have been assigned to the County within the ten-year period preceding this action.

9. The County has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the County under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973(c), have been precleared by the Attorney General. No Section 5 submissions by the County are pending before the

Attorney General. The County has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. There is no indication that the County employs any voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the County's minority citizens. There is no indication that in the past ten years any persons in Washington County have been subject to intimidation or harassment in the course of exercising their right to participate in the political process. The County has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age in a variety of ways. Voter registration opportunities in the County are readily and equally available to all citizens. The voter registration office is open 9:00 a.m. to 5:00 p.m. weekdays. In addition, the Washington County Voter Registrar works with numerous organizations that conduct voter registration drives, such as: the League of Women Voters; two local college campuses; Washington County School Board (registering high school students); community civic groups; the local Democratic and Republican Parties; and local candidates. Voters in Washington County may also register by mail, and voter registration applications are available at locations convenient to voters throughout the County. In addition, voter registration is

offered at the Washington County Department of Health, Department of Social Services, Department of Rehabilitative Services, Department of Mental Health, Mental Retardation and Substance Abuse Services, Department for the Blind and Vision Impaired, the Virginia Office for Protection and Advocacy, Regional Offices of the Department of Game and Inland Fisheries, the Armed Forces Recruitment Offices, Department of Deaf and Hard of Hearing, and any other agencies whose primary function is to provide state-funded assistance to persons with disabilities. The opportunity to become a registered voter in Washington County is also available under the National Voter Registration Act (the "NVRA") at the Department of Motor Vehicles ("DMV") offices and at all public assistance agencies in Washington County. The opportunities for persons to register to vote in Washington County have been made more convenient and available as a result of implementation of the NVRA.

13. Since the County, like other jurisdictions in Virginia, does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation. Current data show, however, that a significant proportion of the County's voting age population is registered to vote. As of February 2008, there were 33,401 registered voters in Washington County, approximately 82.5% of the voting age population. The number of registered voters in the County has steadily risen over the last ten years. In 1998, for example, there were 26,976 registered voters in the County. By 2003, the number of registered voters had grown to 30,905. The number of registered voters in the County has continued to grow. As of February 2008, the number

of registered voters in the County had increased to 33,401. Thus, from 1998 to 2008, the total number of registered voters in the County has increased 24% (from 26,976 in 1998 to 33,401 in 2008). Voter turnout in elections within Washington County (*i.e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last two Presidential elections (2000 and 2004), for example, 69.6% and 70.1% of the County's registered voters turned out to vote, respectively. In the General Elections for state and county offices held in November 1999, 2001, 2003, 2005, and 2007, 44.7%, 49.6%, 31.9%, 48.2%, and 38.54% of the County's registered voters turned out to vote, respectively. Voter turnout was 53.9% for the November 2006 General Election.

14. The County has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

15. The County has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. § 1973(b)(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. § 1973(b)(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, Washington County, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973(b)(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Washington County, including the Towns of Abingdon, Damascus, Glade Spring, and that portion of Saltville that lies within Washington County, shall be exempt from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. § 1973b(a)(5).

3. The parties shall bear their own costs.

Entered this __03__ day of __September__, 2008.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

For the Plaintiff WASHINGTON COUNTY:

*[signature]*
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 628-4673 (Office)
DC Bar No. 447676

LUCY E. PHILLIPS
Washington County Attorney
County Administration Building
205 Academy Drive
Abingdon, Virginia 24210
(276) 525-1370 (Office)
(276) 676-6201 (Facsimile)


For the Defendants MUKASEY and BECKER:

MICHAEL B. MUKASEY
Attorney General
GRACE CHUNG BECKER
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney

*[signature]*
CHRISTOPHER COATES
ROBERT POPPER
CHRISTY McCORMICK
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386